**Opinion filed February 7, 2013**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00341-CR, 11-12-00342-CR, 11-12-00343-CR, 11-12-00344-CR, & 11-12-00345-CR

_____

## DAVID FRANK MORGAN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause Nos. 5360, 8094, 9128, 9549, & 9550**

### M E M O R A N D U M   O P I N I O N

Years after his various felony convictions, David Frank Morgan, pro se, filed in the trial court a petition to set aside and vacate a void conviction-sentence in each case. The trial court denied each petition on November 15, 2012, and Morgan filed a notice of appeal in each case. Upon receiving the clerk's records in these cases, we notified Morgan by letter dated January 18, 2013, that it did not appear that this court had jurisdiction in these matters, and we requested that Morgan file a response showing grounds to continue the appeals.

In response to our letter, Morgan filed a "Motion to Retain on Active Docket" in each case. Morgan asserts that this court has jurisdiction pursuant to the provisions of Article V, section 8 of the Texas Constitution and Article 11.05 of the Code of Criminal Procedure, TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005), "due to the non-finality of the void conviction-sentence." He notes in his motions, as he did in his petitions, that the petitions were not filed as requests for habeas corpus relief under Article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012). We note that Article V, section 8 relates to the jurisdiction of district courts and that Article 11.05 addresses which courts have the power to issue a writ of habeas corpus. They do not relate to the jurisdiction of this court over these appeals and do not confer jurisdiction to this court. *Dennis v. State*, No. 11-01-00403-CR, 2002 WL 32345375 (Tex. App.—Eastland Jan. 10, 2002, no pet.) (not designated for publication).

We hold that this court has no jurisdiction to entertain appeals from the trial court's denial of Morgan's petitions to set aside and vacate a void conviction-sentence. An intermediate appellate court has no jurisdiction to review the denial of a petition for postconviction felony writ, whether styled as an 11.07 writ or some other type of request. *Ex parte Lucas*, No. 10-09-00374-CR, 2009 WL 5156221 (Tex. App.—Waco Dec. 30, 2009, no pet.) (mem. op., not designated for publication); *see* Article 11.07; *Dennis*, 2002 WL 32345375.

Morgan's motions to retain these appeals are overruled, and the appeals are dismissed for want of jurisdiction.


PER CURIAM


February 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2